ANY PARTY INTENDING TO SUBMIT TO
THE COURT ANY DOCUMENTS COVERED
BY THIS PROTECTIVE ORDER SHALL FILE A
MOTION UNDER LOCAL RULE 79-5
REQUESTING PERMISSION TO FILE
THEM UNDER SEAL.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE DIRECTORS GUILD OF AMERICA – PRODUCER PENSION PLANS and TRUSTEES OF THE DIRECTORS GUILD OF AMERICA – PRODUCER HEALTH PLAN, | Case No. CV12-4439 SVW (PJWx) |
| | [~~PROPOSED~~] PROTECTIVE ORDER |
| Plaintiffs, | |
| vs. | **DISCOVERY MATTER** |
| NU IMAGE, INC., a California corporation and MILLENNIUM FILMS, INC., a Delaware corporation, | |
| Defendants. | |

In light of the parties' Joint Stipulation for Protective Order, and good cause appearing, the Court hereby grants the parties' stipulation and hereby orders as follows:

1. As used in this Protective Order, these terms have the following meanings:

"Attorneys" means present or future counsel of record;

"Confidential" information shall consist of Documents designated pursuant to paragraph 2;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1           "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

2           "Highly Confidential" information shall consist of Documents

3 designated pursuant to paragraph 3;

4           "Outside Vendors" means messenger, copy, coding, and other clerical

5 or electronic service vendors not employed by a Party or its Attorneys; and

6           "Written Assurance" means an executed document in the form

7 attached as Exhibit A.

8     2.     A party may designate a Document "Confidential" to protect

9 information within the scope of Fed. R. Civ. P. 26(c).

10     3.     A party may designate a Document "Highly Confidential" if the

11 producing party considers the Document to contain proprietary information of a

12 highly sensitive nature.

13     4.     All Confidential and Highly Confidential Documents, along with the

14 information contained in the Documents, shall be used solely for the purpose of this

15 action except as provided below:

16         (a)     The Parties agree that, to the extent not subject to any attorney-

17 client privilege, all documents produced in this litigation will be produced in

18 accordance with the Federal Rules of Civil Procedure.

19         (b)     The Parties further agree that, if documents produced by the

20 Plaintiffs in this litigation contain information relating to Supplemental Market

21 allocations made by other contributing employers to the Plaintiffs ("Other

22 Employer Material"), and if Defendants determine that such Other Employer

23 Material is relevant to any claims or defenses asserted in any arbitration or litigation

24 brought by the Directors Guild of America, Inc. against Defendants (the "Related

25 Proceedings"), Defendants shall have the right to seek to use such Other Employer

26 Material, in redacted form, as follows:

27         (1)     Defendants will take the necessary steps to redact any and

28 all information contained in such Other Employer Material that would reveal the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] PROTECTIVE ORDER

1   identity of the other contributing employer including, but not limited to, motion
2   picture titles.

3               (2)     At least ten (10) business days before use of such redacted
4   Other Employer Material in a Related Proceeding, Defendants will provide copies
5   of such redacted Other Employer Material to Plaintiffs for review.   In the event
6   that Plaintiffs have any objections to Defendants' redactions, Plaintiffs shall raise
7   such objection in the Related Proceeding .

8               (3)     Nothing herein shall preclude Defendants from using
9   other means, including issuance of subpoenas (to the extent available), from
10  obtaining relevant materials from the Plaintiffs for use in any Related Proceeding.

11              (4)     Nothing herein shall preclude the Plaintiffs, from
12  objecting or taking any position, without limitation or prejudice, in the Related
13  Proceedings.

14              (5)     Nothing herein can, or shall, affect the rights of any third
15  party, including without limitation, the Directors Guild of America, Inc.

16      5.     Access to any Confidential and Highly Confidential Documents shall
17  be limited to:

18              (a)     the Court and its staff;

19              (b)     Attorneys, their law firms, their clients, and their Outside
20  Vendors who provide Written Assurance confirming agreement to the terms of this
21  Stipulated Protective Order;

22              (c)     persons shown on the face of the document to have authored or
23  received it;

24              (d)     court reporters retained to transcribe testimony;

25              (e)     outside independent persons (i.e., persons not currently or
26  formerly employed by, consulting with, or otherwise associated with any party)
27  who are retained by a party or its Attorneys to furnish technical or expert services
28  and/or to give testimony in this action, who provide Written Assurance confirming

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

1   agreement to the terms of this Stipulated Protective Order ;

2            (f)      witnesses, deponents and their counsel, during the course of, or

3   in preparation for, depositions or testimony who provide Written Assurance

4   confirming agreement to the terms of this Stipulated Protective Order, except such

5   persons shall not have access to information designated Highly Confidential;

6            (g)      the parties who provide Written Assurance confirming

7   agreement to the terms of this Stipulated Protective Order, except such persons

8   shall not have access to information designated Highly Confidential;

9            (h)      arbitrators and other decision makers in Related Proceedings.

10      6.      Third parties producing Documents in the course of this action may

11   also designate Documents as "Confidential" or "Highly Confidential," subject to

12   the same protections and constraints as the parties to the action.  A copy of the

13   Protective Order shall be served along with any subpoena served in connection with

14   this action.  All Documents produced by such third parties shall be treated as

15   Confidential for a period of 14 days[1] from the date of their production, and during

16   that period any party may designate such documents as Confidential or Highly

17   Confidential pursuant to the terms of the Protective Order.

18      7.      Each person designated pursuant to paragraph 5(e), 5(f), 5(g) who may

19   receive Confidential or Highly Confidential information must execute a Written

20   Assurance in the form attached as Exhibit A.  Opposing counsel shall be notified at

21   least 10 days prior to disclosure to any such person who is known to be an

22   employee or agent of, or consultant to, any competitor of the party whose

23   designated Documents are sought to be disclosed.  Such notice shall provide a

24   reasonable description of the outside independent person to whom disclosure is

25   sought sufficient to permit objection to be made.  If a party objects in writing to

26   such disclosure within 10 days after receipt of notice, no disclosure shall be made

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

---

[1] All periods in this Joint Stipulation shall be measured in calendar days.

1   until the party seeking disclosure obtains the prior approval of the Court or the

2   objecting party.

3        8.     All depositions or portions of depositions taken in this action, or

4   exhibits thereto that contain confidential information may be designated

5   Confidential or Highly Confidential and thereby obtain the protections accorded

6   other Documents receiving those designations.  Designations for depositions shall

7   be made either on the record or by written notice to the other party within 10 days

8   of receipt of the transcript.  Unless otherwise agreed, depositions shall be treated as

9   Confidential during the 10-day period following receipt of the transcript.  The

10  deposition of any witness (or any portion of such deposition) that encompasses

11  Confidential or Highly Confidential information shall be taken only in the presence

12  of persons who are qualified to have access to such information.

13       9.     Any party who inadvertently fails to identify Documents as

14  Confidential or Highly Confidential shall, promptly upon discovery of its oversight,

15  provide written notice of the error, specify the Document with sufficient

16  particularity necessary to identify such Document and substitute appropriately-

17  designated Documents.  Any party receiving such improperly-designated

18  Documents shall retrieve such Documents from persons not entitled to receive those

19  Documents and, upon receipt of the substitute Documents, shall return or destroy

20  the improperly-designated Documents.

21       10.    A party may file a Document containing Confidential information with

22  the Court, after providing the designating party with seven days notice and

23  participating in a meet and confer upon request, in normal course compliance with

24  the Electronic Case Filing Procedures for the Central District of California.  Prior to

25  disclosure at trial or a hearing of Confidential Documents, the parties may seek

26  further protections against public disclosure from the Court.  Documents designated

27  Highly Confidential may not be filed with the Court except that a party must first

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] PROTECTIVE ORDER

1  either seek leave of the Court to file such Documents under seal or seek a change in
2  designation pursuant to the procedure discussed in paragraph 11.

3      11.    Any party may request a change in the designation of any information
4  designated as Confidential or Highly Confidential. Such a request must be in
5  writing, sent to the Attorneys via email, and specify the Document at issue with
6  sufficient particularity necessary to identify the applicable Document. Any such
7  Document shall continue to be treated as designated for 30 days, during which time
8  the party seeking to change the designation may file a motion with the Court for
9  appropriate relief, providing notice to any third party whose designation of
10  produced documents in the action may be affected. Once the asserting party has
11  moved the Court for appropriate relief, the designating party shall have the burden
12  of proving that the information in question is within the scope of protection
13  afforded by Fed. R. Civ. P. 26(c). If the asserting party does not file a motion with
14  the Court for relief within the 30 day period , the designation remains unchanged.

15      12.    Within 60 days of the termination of this action, including any appeals,
16  each party shall either destroy or return to the opposing party all Documents
17  designated by the opposing party as Confidential or Highly Confidential and all
18  copies of such Documents, and shall destroy all extracts and/or data taken from
19  such Documents. Each party shall provide a certification as to such return or
20  destruction within the 60-day period. However, Attorneys shall be entitled to retain
21  a set of all Documents filed with the Court and all correspondence generated in
22  connection with the action.

23      13.    Any party may apply to the Court for a modification of the Protective
24  Order, and nothing in this Stipulation shall be construed to prevent a party from
25  seeking such further provisions enhancing or limiting confidentiality as may be
26  appropriate.

27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6                          [PROPOSED] PROTECTIVE ORDER

14.   No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

15.   Nothing contained in this Order shall limit the use of any Confidential material at trial or in any hearing before the Court, except provided that any party has the opportunity to seek further protections of Confidential Documents against public disclosure.

16.   The parties intend to proceed with Document production in this matter in a prompt and efficient manner without waiving their respective abilities to assert the protections of the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege.

17.   Because the parties recognize that inadvertent disclosure of material protected by attorney-client privilege, the attorney work-product doctrine or any other applicable privilege ("Privileged Material") may occur during the course of production, the parties wish to agree upon a "clawback" procedure that will apply in the event that any Privileged Material is inadvertently produced. By producing any Document, the producing party does not waive its right to subsequently assert that certain produced Documents are Privileged Material. A producing party must identify with sufficient particularity necessary to identify the applicable Document that it subsequently wishes to designate as Privileged Material. A receiving party will not challenge the producing party's right to assert that certain produced Documents are Privileged Material, but the receiving party retains the right to refute the claim of privilege. The receiving party will not assert otherwise that, pursuant to Federal Rule of Evidence 502(b), any such disclosure of Privileged Material shall be considered "inadvertent" and that the producing party took reasonable steps to prevent it. By any production of Privileged Material, the producing party does not intend to waive, and is not in fact waiving, as to the receiving party or any third

1   party, the protection of the attorney client-privilege, attorney work-product

2   doctrine, or any other applicable privilege regarding the Privileged Material.

3        18.    A receiving party will not assert in this or any other matter that (a) the

4   producing party, by its production of Privileged Material, intends to waive, or is in

5   fact waiving, as to the government or any third party, the protection of the attorney-

6   client privilege, attorney work-product doctrine, or any other applicable privilege

7   regarding the Privileged Material; or (b) the production of Privileged Material

8   pursuant to this Stipulation constitutes a waiver by the producing party as to the

9   government or any third party of the protection of the attorney-client privilege,

10   attorney work-product doctrine, or any other applicable privilege regarding the

11   Privileged Material.

12        19.    If the producing party discovers it has inadvertently disclosed

13   Privileged Material, the producing party shall promptly upon discovery of such

14   disclosure advise the receiving party in writing, identify the Privileged Material

15   with sufficient particularity necessary to identify the applicable Document and

16   request that the Privileged Material be returned or destroyed.  Upon receiving such

17   notification from the producing party, or upon independently discovering that the

18   producing party inadvertently has produced Privileged Material, the receiving party

19   shall promptly (within five days) return the Privileged Material to the producing

20   party or destroy the Privileged Material, including all copies thereof and any other

21   Document or information derived from such inadvertently produced Privileged

22   Material.  A receiving party will use all reasonable efforts to preserve the

23   confidentiality of the Privileged Material until such time as it is returned or

24   destroyed, and agree that they will not use the Privileged Material in this or any

25   other proceeding .  The producing party will add any such returned or destroyed

26   Privileged Material to its privilege log and will state the basis for withholding the

27   Document from production.

28

1       20.    The obligations imposed by the Protective Order shall survive the

2 termination of this action.

3

4 IT IS SO ORDERED.

5

6 Dated: 3/13/13 , 2013

7                                 Hon. Patrick J. Walsh

                                    United States Magistrate Judge

8

9

10

11

12

13

14

15

16 *This order does not authorize the parties to file documents under seal. PJW*

17

18 ANY PARTY INTENDING TO SUBMIT TO

19 THE COURT ANY DOCUMENTS COVERED

BY THIS PROTECTIVE ORDER SHALL FILE A

20 MOTION UNDER LOCAL RULE 79-5

REQUESTING PERMISSION TO FILE

21 THEM UNDER SEAL.

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] PROTECTIVE ORDER

**Exhibit A**

**<u>NON-DISCLOSURE AGREEMENT</u>**

I, _____, hereby declare and acknowledge that I have been furnished a copy of the Protective Order in the above-captioned case dated _____, and counsel has further informed me of the obligations it imposes upon those who receive confidential information.  I understand that the Protective Order, among other things, prohibits the use of any information designated as confidential for any purpose other than this proceeding, and further that I am prohibited from disclosing confidential information to any other person except as specifically provided in the Protective Order.

I agree to comply and be bound by all the terms of the Protective Order and to treat as confidential all materials protected thereby.  I acknowledge that my failure to comply with the terms of the Protective Order may be regarded as a contempt of Court, and I agree to submit to the jurisdiction of the court in which the above-action is pending for purposes of information of this Protective Order.

Dated: _____

_____

[Signature]

DB2/ 23853351.1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10                                      [PROPOSED] PROTECTIVE ORDER